**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MAURICIO IRAETA, | No. 08-73888 |
| Petitioner, | Agency No. A200-048-877 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Jose Mauricio Iraeta, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject Iraeta's claim that he is eligible for asylum and withholding of removal based on his anti-gang political opinion or membership in a particular social group. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 860-62 (9th Cir. 2009) (holding that young Salvadoran men who are recruited by gangs and refuse to join is not a social group, and refusal to join gangs is not a political opinion); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").

Iraeta failed to set forth any substantive argument regarding the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

Finally, Iraeta's contention that both the IJ and BIA failed to consider evidence fails, because he has not overcome the presumption that the agency

08-73888

reviewed the record.  *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.

2006).  Accordingly, his due process claim fails.  *See Lata v. INS*, 204 F.3d 1241,

1246 (9th Cir. 2000) (requiring error for due process violation).

**PETITION FOR REVIEW DENIED.**